Charlestown Township, Appellant *v.* Barbara Fuguet, Appellee.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*James E. McErlane,* with him *Lamb, Windle & McErlane,* for appellant.

*Ross A. Unruh,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 6, 1976:

Charlestown Township (Township) issued a cease and desist order against Barbara Fuguet (Appellee) for violation of its zoning ordinance. When Appellee failed to comply with the cease and desist order, a District Justice of Chester County found her guilty of the alleged violation and imposed a fine. Appellee appealed the conviction to the Court of Common Pleas of Chester County and was there acquitted. Township has appealed this verdict to us.

The facts are undisputed. Appellee owns 2.2 acres of land located in an area zoned Farm Residential (FR). She resides on the property in a single-family dwelling with a garage located approximately 20 feet

to the north of the dwelling. She stalls a horse and a pony in the garage. The garage is located less than 100 feet from each boundary line of Appellee's tract.

The cease and desist order charged Appellee with violating Section 400.B of the Township Zoning Ordinance. Section 400 of the Ordinance, which sets forth regulations applicable to FR districts, provides:

Section 400. USE REGULATIONS. A building may be erected or used, and a lot may be used or occupied, for any of the following purposes, and no other:

. . . .

B. Agriculture, PROVIDED that a lot for the raising, maintenance, or breeding of livestock and poultry shall be not less than four (4) acres, and on such lot any structures used for the housing of livestock or poultry shall be located not less than one-hundred (100) feet from any lot line.

. . . .

H. Accessory use on the same lot with and customarily incidental to any of the foregoing permitted uses in accordance with Article XII, Section 1207.

Article XII, Section 1207, sets forth the requirements for accessory uses:

Section 1207. ACCESSORY USES. Accessory uses authorized in this Ordinance shall include, but not by way of limitation, the following:

. . . .

B. Uses Accessory to Dwelling:

1. Private garage, private parking space, private stables, barn, shelter for pets, guest house, tenant house, servants' quarters, bath house, private greenhouse.

The court below, finding Appellee not guilty of the alleged violation, relied particularly upon Section 1207.B.1 of the Ordinance.

For our determination is the strictly legal issue of whether Appellee must comply with Section 400.B of the Ordinance. We hold that she need not.

Both Township and Appellee agree that the keeping of the horses is a permitted accessory use of the land, the principal use being for residence.

Township contends, however, that in order to conduct this accessory use Appellee must comply with the minimum lot size and structural setback requirements of Section 400.B of the Ordinance for lots used for raising, maintaining, or breeding livestock. We disagree.

A reading of the Ordinance as a whole convinces us that Appellee's keeping one horse and a pony in her garage does not constitute the "raising, maintenance, or breeding of livestock" contemplated by Section 400.B. Clearly, the term "livestock," used in connection with the word "poultry" in a section of the Zoning Ordinance making agriculture a permitted use, is intended to refer to a group of cattle, hogs, or horses maintained and utilized in connection with an agricultural enterprise.

We hold that Appellee's garage or barn is one of the structures contemplated by the language of Section 1207.B.1 for uses accessory to a dwelling. As such, the structure must be governed by the requirements of Section 1207.D of the Ordinance, which states:

D. Accessory Use Structures in Side or Rear Yard. In any District, if not specified otherwise, accessory use structures or buildings may be located, erected or maintained, in the side yard that does not abut the street, or in any rear yard, PROVIDED that in no case shall such accessory use structure or building be nearer to any lot line than ten (10) feet.

We reject Township's contention that Section 400.B is an example of an "otherwise specified" situation

contemplated by Section 1207.D and hold that Section 400.B is not applicable where the principal use of land is a dwelling. Therefore, Appellee's garage need only comply with Section 1207.D. The stipulated facts clearly establish that the structure is in compliance with that section.

Affirmed.

### ORDER

AND Now, this 6th day of December, 1976, the verdict of the Court of Common Pleas of Chester County is affirmed and the appeal is dismissed.