515 A.2d 1018

Joseph Tirpak, Appellant *v.* Borough of Summit Hill, Appellee.

Argued September 8, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Arnold Sousa*, for appellant.

*Thomas S. McCready*, for appellee.

OPINION BY JUDGE CRAIG, October 2, 1986:

Where a borough zoning code expressly allows in a residential district "accessory uses . . . customarily subordinate to the principal use . . . but not the keeping of livestock or poultry," does the keeping of a pig as a pet, on a residential premises, constitute a violation?

Homeowner Joseph Tirpak has appealed from a decision of the Court of Common Pleas of Carbon County upholding the imposition of a $400 fine against him pursuant to a summary conviction for violation of the zoning ordinance of the Borough of Summit Hill.

As found by President Judge LAVELLE, the trial judge, the facts indicate that the homeowner, who lives in an R-3 Residential District with his son and two grandchildren, has kept a pig as the pet of himself and his grandchildren for four years, maintaining the animal on the sun porch of his dwelling during the winter months and in the back yard for the remainder of the year. The animal has grown to a size of 1000 pounds. In the R-3 District, the principal permitted uses are one-and-two-family dwellings while residential conversions and large scale residential developments are authorized by special approval procedures. According to the record available to this court, there is no agricultural district, and agriculture is not listed among the permitted uses.

Under section 1202(12) of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46202(12), the Borough of Summit Hill has statutory power to enact a clear and definite prohibition against pig-keeping in the borough. That section provides in part:

Among the specific powers of the borough shall be the following . . .

. . . .

(12) Hogs. To prohibit the keeping of hogs within the borough, or within any part of the borough.

However, the Borough of Summit Hill has offered nothing to establish as a matter of law that it has exercised that clear and definite power. Accordingly, in pursuing the summary conviction here, the borough has relied only upon more general verbiage of the zoning ordi-

nance, which excludes the keeping of "livestock" from the category of allowable accessory uses. In "Use Class 8," the ordinance defines such uses as follows:

*Use Class 8. Customary Accessory Uses and Essential Services.*

Includes accessory uses which are customarily subordinate to the principal use of a building located on the same lot, and which serve a purpose customarily incident to the use of the principal building shall be permitted in each District. Such uses include home occupations, home gardening, *but not the keeping of livestock or poultry,* non-profit nurseries and greenhouses (not including outdoor storage of equipment) and professional offices of persons residing on the premises, private garages or parking areas, signs, off-street parking and loading, temporary tract offices, unoccupied travel trailers and buildings and other uses customarily appurtenant to other Permitted or Special Uses. (Emphasis added.)

The trial judge affirmed the existence of a violation because he reasoned, from dictionary definitions, that "livestock connotes an animal kept and raised on a farm." Accordingly, he concluded that a pig—even a lone pig maintained as a pet and not as an agricultural pursuit—falls under the prohibition so stated.

In opposition to that interpretation by President Judge LAVELLE, the homeowner presses this court's decision in *Charlestown Township v. Fuguet,* 27 Pa. Commonwealth Ct. 302, 366 A.2d 1386 (1976), holding that keeping one horse and a pony in a garage did not constitute the keeping of livestock within the context of regulations governing a Farm Residential District where agriculture was a permitted use, with the proviso that "a lot for the raising, maintenance or breeding of

livestock and poultry" shall be not less than four acres in area. The opinion by President Judge CRUMLISH stated:

> Clearly, the term 'livestock,' used in connection with the word 'poultry' in a section of the Zoning Ordinance making agriculture a permitted use, is intended to refer to a *group* of cattle, hogs, or horses maintained and utilized in connection with an agricultural enterprise.

27 Pa. Commonwealth Ct. at 305, 366 A.2d at 1387 (emphasis added).

Analysis shows that *Charlestown Township* involved a proposition distinguishable from the issue in the present case. In *Charlestown,* we were concerned with limitations applicable to agriculture as a permitted use in a farming district, whenever the agricultural pursuit consisted of the raising, maintenance or breeding of livestock, in contrast to the present case, where the concern relates to the scope of uses accessory to residences, in a purely residential district. Logically, a court should construe the concept of "livestock" more liberally in the former context than in the latter one. To view the concept of "livestock," as we did in *Charlestown,* as involving a *group* of cattle, hogs or horses is quite appropriate when the use activity described in the ordinance is animal raising or breeding, which inevitably suggests a number of animals' being involved.

Therefore, President Judge LAVELLE's sound interpretation of the residential provisions of the Summit Hill ordinance is not negated by *Charlestown Township,* and his decision must be affirmed.

## ORDER

NOW, October 2, 1986, the order of the Court of Common Pleas of Carbon County, at No. 200-CR-84, dated September 30, 1985, is affirmed.